THE BOARD OF COUNTY COMMISSIONERS OF RICHARDSON COUNTY, PLAINTIFF IN ERROR, v. STEPHEN B. MILES, DEFENDANT IN ERROR.

1. **Taxes**: SALE OF LANDS FOR. Prior to the passage of the act of February 18, 1875 [Laws 1875, p. 96], a sale of lands for taxes, where the owner thereof had sufficient personal property in the county, out of which the taxes could have been made, would be without authority of law.

2. ———: CONDITIONS OF SALE. The statute is notice to a purchaser at a tax sale of the conditions of the sale, and the treasurer has no authority to impose conditions or to enter into stipulations in regard to the sale, not authorized by law.

3. ———: ACTION TO RECOVER PRICE BID AT TAX SALE. The highest bidder at a tax sale may enforce his bid by compelling the treasurer to issue a certificate of sale of the land purchased.

And the treasurer, in the name of the county, under the provisions of section 58 of the revenue law, may maintain an action against the highest bidder to recover the amount of his bid.

4. ——: PURCHASE MONEY MUST BE PAID. A bidder cannot be permitted to purchase lands at a delinquent tax sale, and afterwards treat the sale as void, and refuse to pay the purchase money.

5. ——: ——. The object of the law is to raise revenue, and at the same time protect, as far as possible, the rights of the owner of the land by inviting competition at the sale.

6. ——: RETURN OF LANDS SOLD. Section 59 of the revenue law does not require the treasurer to file the return of lands sold in the clerk's office of his county until the amount bid therefor has been collected and paid.

ERROR to the district court for Richardson county. Tried below before WEAVER, J., and a jury. Verdict for defendant. The opinion states the case.

*Frank Martin* and *E. W. Thomas* for plaintiff in error.

If the defendant bid off the lands at the tax sale, he bid *caveat emptor*, and the defendant was bound to know before he bid that the officer had done all that the law required him to do. Cooley on Taxation 522, and cases there cited. He cannot complain that he got nothing by his bid, because the very worst that could happen to him would be to have the title fail on account of some irregularity, and in that event the statute saves him his rights and makes his claim a lien on the land. Gen. Stat., 936, sec. 118. And if the whole proceeding is void and worthless, then the purchaser may recover of the county, etc. Gen. Stat. 924, sec. 70.

We think that the principle is clear that in revenue laws where there are several provisions for the protection of the purchaser, that he is bound to first exhaust his remedy or remedies against the owner of the prop-

erty and the property itself before he can ask the county to reimburse him. If this is the law, then he must stand by his bid, and if any of the owners of lands choose to make a defense to his claim and his title be defeated, then he had his remedy by foreclosing his lien on the land.

*J. H. Broady* and *C. Gillespie,* for defendant in error.

1.   There was no error in overruling motion to require defendant to set out specifically what resident lands were sold. Gen. Stat., p. 616, sec. 49. Cooley on Taxation, 306. Blackwell on Tax Titles, 177. *Johnson v. Hahn,* 4 Neb., 147.

2.   The doctrine of *caveat emptor* is based upon the absence of any responsible source to which the purchaser can look for his relief in case of loss. It has here been applied only to those who have paid the money, and thereby completed the sale. Never in an action for a specific performance has it ever been set up in the lids of the law. The arguments of the plaintiff are that, however irregular, illegal, and void this sale, that with this same *caveat emptor* the defendant must take the land and pay his money, although he gets nothing by so doing. If he had paid his money, they might so argue; if he had gone as a blind ass into this *caveat emptor* ditch, possibly he might be compelled to stop there; that not even the Sunday-working chancellors of the law would help him out. But surely he will not be driven into this ditch whether or no. This cannot be made a procrustean bed into which Miles must be fitted. The whole doctrine of *caveat emptor* is simply this: that there being no warranty in fact or law, the purchaser buys at his peril. 17 Pick., 475. 2 John., Ch. N. Y., 519. 5 Iowa, 293. But the doctrine of *caveat emptor*

can in no sense apply here, because the statute of this state, on page 924, sec. 71, specially enacts that the purchaser shall be saved harmless by the county for all these irregulariti(s. If the purchaser can recover back after he has paid the money, if the county must return the money for reason of these defects, it is rooted and based in the very rocks of reason, the great source and fountain of all law, that he should not pay his money at all. This is true to stop circuity of action and needless litigation. If the county must pay back, there is no use in going up this hill, if it must at once come down again. Gen. Stat. Neb., 924, sec. 71. 4 Cow., 682.

MAXWELL, J.

The plaintiff brought an action against the defendant in the district court of Richardson county, under the provisions of section 58 of the revenue law, to recover of the defendant the amount bid by him for certain lands, at the sale thereof for delinquent taxes in that county, in September, 1874.

The plaintiff claims judgment for the sum of $25,-352.05.

The defendant answered the petition of the plaintiff, and alleges:

*First.* That the petition does not state facts sufficient to constitute a cause of action.

*Second.* The defendant denies all the facts stated in the petition.

*Third.* The defendant alleges that certain lands described in the petition, which the plaintiff claims were bid in by the defendant were owned by parties residing in the county, who had sufficient personal property therein, out of which the tax could have been collected, but that the treasurer refused to collect any of said taxes on said real estate, out of said personal property.

The plaintiff filed a motion to require the defendant to make the third count of his answer more definite, by stating which particular parcels of land were owned by parties who had sufficient amount of personal property in the county to pay the tax due thereon. The motion was overruled by the court, to which the plantiff excepted.

In overruling this motion the court erred. Prior to the act of February 18, 1875 (Laws, 1875, p. 96), it was the policy of the law to resort to the land itself only where all other remedies had failed to enforce a satisfaction of the tax. *Johnson v. Hahn*, 4 Neb., 144. And a sale of land for taxes, where it is shown that the owner had sufficient personal property in the county, out of which such taxes could have been made, would be without authority of law, and would be a good defense to the action. But it is the duty of the defendant to specifically point out the tracts of land which he claims were illegally sold.

On the trial of the cause the jury found a verdict for the defendant. The court having overruled a motion for a new trial, rendered judgment thereon. To reverse which the plaintiff brings the cause into this court by petition in error.

It is claimed on the part of the defendant, that at the time of the sale of the land referred to he made an agreement with the treasurer of Richardson county, whereby he (the defendant) was to bid for such tracts as he saw fit, and that he might select therefrom certain lands on which he had mortgages, and certain other tracts of land owned by non-residents, and that the other tracts bid off by him were to be taken back by the treasurer and the sale cancelled. This is denied.

Section 56 of the revenue law provides that: " On the first Monday of September of each year, between the hours of nine A.M. and four P.M., the treasurer is

directed to offer at public sale * * * all lands on which the taxes for the previous year remain unpaid," etc

Section 57 provides that the person who offers to pay the amount due on the smallest governmental subdivision of land for the *smallest portion* of the same, is to be considered the highest bidder, etc.

The statute is notice to the purchaser of the conditions of the sale. The treasurer has no authority to impose conditions, or enter into stipulations not authorized by law.

The highest bidder at a tax sale may enforce his bid by compelling the treasurer to issue a certificate of sale for the lands purchased. And the treasurer, in the name of the county, under the provisions of section 58 of the revenue law, may maintain an action against a bidder to recover the amount of his bid. A bidder cannot be permitted to purchase lands at tax sales for delinquent taxes, and afterwards treat the sale as void, and refuse to pay the purchase money. The object of the law is to raise revenue, and at the same time protect, as far as possible, the rights of the owner of the land by inviting competition at the sale. But to permit bidders at such sales to repudiate their contracts would entirely defeat the object of the law.

It is urged that the treasurer did not, on or before the first Monday in October succeeding the sale, file in the office of the county clerk of his county a return of the sale of lands, showing the lands sold, the names of the purchasers, *and the sums paid by them*, and also a copy of the notice of sale, with a certificate of the advertisement, verified by an affidavit, such certificate being evidence of the regularity of the proceedings. It is evident that this return is not to be filed until the sums bid are collected. It only applies to *actual* sales, and where the money is paid. In a case like the one at bar, the return containing the description of the lands in

controversy should not be filed until the amount of the tax is collected.

The instructions of the court to the jury, being in conflict with these views, were erroneous.

The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.